Nicole C. Hancock, ISB No. 6899
Email: *nchancock@stoel.com*
Jason E. Prince, ISB No. 7227
Email: *jeprince@stoel.com*
STOEL RIVES LLP
101 S. Capitol Blvd, Ste 1900
Boise, ID 83702-7705
Telephone: (208) 389-9000
Facsimile: (208) 389-9040

Attorneys for ConAgra Foods Lamb Weston, Inc.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DORNOCH HOLDINGS INTERNATIONAL, LLC and DORNOCH GLOBAL, LLC, both Nevada Limited Liability Companies; and SMITH INDIVIDUALS/ENTITIES I-XX,<br><br>Plaintiffs,<br><br>v.<br><br>CONAGRA FOODS LAMB WESTON, INC., a Delaware corporation; CONAGRA INTERNATIONAL COMERCIAL Y AGRICOLA LIMITADA, a Chilean limited liability company; and DOE INDIVIDUALS/ENTITIES I through XX,<br><br>Defendants. | Case No. 1:10-cv-00135-TJH<br><br>**DEFENDANT'S OBJECTIONS TO REPORT AND RECOMMENDATION OF SPECIAL MASTER (DKT. 311)** |

**DEFENDANT'S OBJECTIONS TO REPORT AND RECOMMENDATION OF SPECIAL MASTER (DKT. 311) - 1**

73815969.8 0011291- 00051

Defendant ConAgra Foods Lamb Weston, Inc. ("Lamb Weston") submits objections to the Report and Recommendation of the Special Master (Dkt. 311) filed on May 1, 2013.

## I.  INTRODUCTION

Lamb Weston requests that the Court adopt the Special Master's first recommendation that Plaintiffs Dornoch Holdings International, LLC and Dornoch Global, LLC (collectively "Plaintiffs") failed to fulfill their burden to establish that documents on the privilege log are in fact privileged.  As such, all documents should be released except communications with outside litigation counsel dated after March 11, 2010.  For that reason, there is no need for the Court to consider the Special Master's second and third recommendations.

## II.  BACKGROUND

The Special Master's initial privilege log, released to the parties on February 4, 2013, listed 43,211 documents as potentially subject to the attorney-client privilege.[1]  The Special Master identified those documents from a screening technique implemented with the assistance of FTI Consulting Inc. ("FTI").  Dkt. 214 at ¶¶ 12-14.  Lamb Weston timely filed objections to the Special Master's privilege log, identifying six objections why the majority of those documents should not be withheld from discovery.  *See* Dkt. 243 at 2.  The Court directed the Special Master to address three of those objections.  Dkt. 254.  On May 1, 2013, the Special Master issued a Report and Recommendation.  Dkt. 311 at 15-16.

With respect to Lamb Weston's <u>first objection</u>, the Special Master agreed that Plaintiffs failed to sustain their burden to prove that *any* of the documents listed on the privilege log are privileged, aside from emails with outside litigation counsel dated after March 11, 2010.  *Id.* at 4.

---

[1] The Special Master has subsequently filed two supplements to the privilege log, identifying an additional 5,133 documents that are being withheld from Lamb Weston as privileged.  Dkts. 246 & 314.

**DEFENDANT'S OBJECTIONS TO REPORT AND RECOMMENDATION OF SPECIAL MASTER (DKT. 311) - 2**

As for the second objection, the Special Master agreed that the search terms used to create the privilege log were overly broad and captured numerous nonprivileged documents. *Id.* at 12-13, 15-16. The Special Master recommended refining the search terms to increase the accuracy of the search and continue to withhold documents identified as privileged unless Lamb Weston successful challenged that designation (a cost Lamb Weston must bear). *Id.* at 12-13. Finally, with respect to the third objection, the Special Master disagreed with Lamb Weston's assertion that non-correspondence documents are not privileged. *Id.* at 15-16.

## III.  ARGUMENT

A.  **The Court Should Accept The Special Master's First Recommendation That Plaintiffs Failed to Meet Their Burden to Show Privilege And Release All Documents Except for Plaintiffs' Communications With Outside Litigation Counsel.**

The Special Master recommended that the Court sustain Lamb Weston's first objection: that Plaintiffs failed to fulfill their burden to establish that documents on the privilege log are in fact privileged. Dkt. 311 at 3-4. Lamb Weston asks that the Court accept the Special Master's recommendation. Plaintiffs' refusal to meet their burden should mandate the release of all documents from the privilege log, except correspondence with outside litigation counsel dated after March 11, 2010. Additionally, any costs associated with the Special Master's review for privilege should be borne by Plaintiffs alone as those were costs that should have been incurred by Plaintiffs if they had abided by their discovery obligations in this case.

B.  **If The Court Reaches The Special Master's Second Recommendation, The Court Should Accept The Finding That Search Terms Used To Create The Privilege Log Were Too Broad And Require Plaintiffs To Complete A Substantive Review Of The Privilege Log Within 30 Days.**

According to the Court's instructions, the Special Master considered Lamb Weston's second and third objections. But if the Court accepts the Special Master's first recommendation, there is no need to address the remaining recommendations. If, however, the Court reaches the

**DEFENDANT'S OBJECTIONS TO REPORT AND RECOMMENDATION OF SPECIAL MASTER (DKT. 311) - 3**

second recommendation, it should accept the Special Master's finding that the original search terms used for FTI's screening were too broad and overly inclusive. Dkt. 311 at 9-10. But the Special Master's recommendation to refine the screening method and only release documents below a 59% correlation threshold is unnecessary and burdensome considering the following:

- The refined accuracy screening will still capture nonprivileged documents on the privilege log. For instance, if a search term results in a 60% accuracy rate for privilege, the term still results in capturing nonprivileged documents 40% of the time. Plus, even if part of a document is privileged, the remainder of the document is subject to disclosure after redaction. The refined screening proposed by the Special Master does not address that situation.

- Plaintiffs failed to produce Unisur's ESI in discovery. Plaintiffs continue to benefit from their obstructive tactics in this case, as Lamb Weston receives less relevant information than it should have received had Plaintiffs complied with their discovery obligations in this case.

- Plaintiffs have refused to limit the database to the relevant documents. The Special Master asked the parties to provide substantive search terms in order to narrow down the overall ESI database to a more manageable amount of data, and Plaintiffs refused. Dkt. 214 at 13 (¶ 15). Plaintiffs' refusal to cooperate resulted in the database being considerably larger and more burdensome and in a privilege log so large that there can be no substantive review of the documents as would be required in the normal course of discovery.

- The Special Master's recommendation to force Lamb Weston to pay for any review of documents that it suspects are not privileged continues to shift Plaintiffs' burden to Lamb Weston. *See* Dkt. 311 at 12-13. If Plaintiffs had lived up to their discovery obligations, Plaintiffs would have reviewed all of Unisur's ESI during the open discovery period and provided a privilege log. Had they done so, Plaintiffs would have borne the cost of this document review. Instead, by stonewalling Lamb Weston and the Court as to the existence of Unisur's ESI, Plaintiffs have forced Lamb Weston into sharing the time and expense of this process. Such obstructive conduct should not be rewarded.

In sum, the Special Master's recommendation to further refine the privilege screening imposes a considerable burden and detriment on Lamb Weston. Despite having full access to the documents on the Special Master's privilege log, Plaintiffs have failed to fulfill their duty to show that these documents are in fact privileged. Dkt. 311 at 4. Yet Lamb Weston has incurred half of the costs of the Special Master and FTI's work to screen and produce the privilege log—

**DEFENDANT'S OBJECTIONS TO REPORT AND RECOMMENDATION OF SPECIAL MASTER (DKT. 311) - 4**
73815969.8 0011291- 00051

costs that should have been incurred by Plaintiffs.  The result is that Plaintiffs are now benefitting from their stonewall tactics by shifting the burden and cost of reviewing documents for privilege to Lamb Weston.  Dkt. 188 at 2.  If the Court reaches the second recommendation, the Court should release the documents that resulted in 58% or less accuracy hits as the Special Master recommended and give Plaintiffs 30 days to complete a substantive review of the documents that were 59% or more likely to tag a privilege document, produce documents that are not privileged, and produce a detailed privilege log of their own—all at their cost.

C. **If The Court Reaches The Special Master's Third Recommendation, The Court Should Reject It Because Non-Correspondence Documents Are Not Privileged And Should Be Released.**

Should the Court reach it, Lamb Weston objects to the Special Master's third recommendation that non-correspondence documents should not be released from the privilege log.  *See* Dkt. 311 at 15.  The attorney-client privilege protects only the disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney.  *Upjohn Co. v. United States*, 449 U.S. 383, 395 (1981). Following this principle, documents, such as attachments to emails that are not otherwise protected, should be released to Lamb Weston.

For instance, an email from Plaintiffs to their outside litigation counsel forwarding a copy of the Transition Agreement may contain privileged communications.  However, the fact that the Transition Agreement was forwarded to outside litigation counsel is not necessarily privileged. Nor is the copy of the Transition Agreement.  *See Colton v. United States*, 306 F.2d 633, 639 (2d Cir. 1962) ("Insofar as the papers include pre-existing documents and financial records not prepared by the Matters for the purpose of communicating with their lawyers in confidence, their contents have acquired no special protection from the simple fact of being turned over to an attorney.").  Therefore, any communications which contain non-correspondence documents

**DEFENDANT'S OBJECTIONS TO REPORT AND RECOMMENDATION OF SPECIAL MASTER (DKT. 311) - 5**
73815969.8 0011291- 00051

should be redacted to remove the privilege, at Plaintiffs' expense, while disclosing the remaining nonprivileged portions of the documents.

Plaintiffs cannot deprive Lamb Weston of responsive, relevant discovery by asserting a blanket privilege in this manner. *Id.* The Court should give Plaintiffs 30 days to complete a substantive review of the privilege log, produce documents that are not privileged, and produce a detailed privilege log of their own. Plaintiffs should bear all that cost.

**D.    Lamb Weston Respectfully Requests The Court Rule on the Three Remaining Objections to the Special Master's Privilege Log.**

This Court instructed the Special Master to consider only three of Lamb Weston's initial objections to the privilege log. Dkt. 254. Three objections remain that have yet to be addressed by this Court. These are: (1) Plaintiffs waived any privilege by representing to this Court that they did not have any privileged documents, Dkt. 243 at 5-6; (2) Plaintiffs waived any privilege for documents dated before March 11, 2010, by failing to produce a privilege log, *id.* at 6-7; and (3) certain documents on the privilege log are exempt from privilege because they appear to constitute evidence of discovery abuses or pursuant to the crime/fraud exception, *id.* at 9-11. If this Court releases all of the documents from the privilege log—except communications with outside litigation counsel—due to Plaintiffs' failure to fulfill their burden to establish privilege, it need not address the first two of the remaining objections. The third remaining objection, however, applies to certain communications between Plaintiffs and outside litigation counsel, and Lamb Weston renews its request that this Court review the documents identified in prior briefing for the purpose of determining privilege. *See* Dkt. 243 at 10.

## IV.  CONCLUSION

For the foregoing reasons, Lamb Weston objects to the Special Master's Report and Recommendations as follows and requests that it enter the following order:

1. That the Court adopt the Special Master's first recommendation and release all documents from the privilege log, except the communications with outside litigation counsel dated after March 11, 2010;

2. That the Court not address the Special Master's second and third recommendations, should it adopt the first recommendation;

3. That the Court adopt the Special Master's second recommendation and release all documents that resulted in a 59% or more hit on privilege terms,

4. That the Court reject the Special Master's second recommendation to the extent it shifts any of the burden to conduct a privilege review to Lamb Weston, and instead order that Plaintiffs review the remaining documents to create a privilege log and within 30 days produce all nonprivileged documents;

5. That the Court reject the Special Master's recommendation that non-correspondence documents remain on the privilege log;

6. That the Court give Plaintiffs 30 days to complete a substantive review of the entire privilege log, produce documents that are not privileged, and produce a detailed privilege log of their own, all at their cost; and

7. That the Court rule on Lamb Weston's remaining three objections to the Special Master's privilege log.

DATED:  May 11, 2013.

        STOEL RIVES LLP

        /s/ Nicole C. Hancock
        Nicole C. Hancock
        Jason E. Prince
          Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2013, I served a copy of the foregoing **DEFENDANT'S OBJECTIONS TO REPORT AND RECOMMENDATION OF SPECIAL MASTER (DKT. 311)** on CM/ECF Registered Participants as reflected on the Notice of Electronic Filing as follows:

    Thomas A. Banducci – *tab@andersenbanducci.com*

    Wade L. Woodard – *wlw@andersenbanducci.com*

    Steven B. Andersen – *sba@andersenbanducci.com*

    Attorneys for Plaintiffs

                                                        /s/ Nicole C. Hancock
                                                         Nicole C. Hancock