# United States District Court
# District of Idaho

| | |
|---|---|
| DORNOCH HOLDINGS INTERNATIONAL, LLC, *et al.*, <br><br>          Plaintiffs, <br><br>   v. <br><br> CONAGRA FOODS LAMB WESTON, INC., *et al.*, <br><br>          Defendants. | 1:10-CV-00135-TJH <br><br> Order |

The Court has considered the following:

1. Plaintiffs' motion for relief from unreasonable costs [207];

2. Defendant ConAgra Foods Lamb Weston, Inc.'s ("Defendant") motion to determine privilege [241];

3. Defendant's objections to the Special Master's Privilege Log [243];

4. Plaintiffs' motion for sanctions [249];

5. Defendant's motion for sanctions [289];

6. Defendant's motion for reconsideration of the Court's order regarding the summary judgment motions [292];

7. Defendant's motion to amend or correct its answer [293];

8. Defendant's motion for leave to take additional discovery [294];

9. The Special Master's Report and Recommendation [311] and her supplemental report [334];

10. Defendant's objections to the Report and Recommendation [323];

11. Plaintiffs' response to the Report and Recommendation [326];

12. Plaintiffs' motion to strike the affidavit of Nicole Hancock in reply to Defendant's motion for sanctions [330]; and

13. Defendant's motion for leave to file a sur-reply in further opposition to Plaintiffs' motion for sanctions [333];

together with the moving and opposing papers, the various objections and responses filed by the parties, and the Special Master's various other reports.

**It is Ordered** that Defendant's motion to determine privilege [241] be, and hereby is, **Granted**. The Court finds that the email message and the attachment sent by Jim Hungelmann to Veronica Meersohn on July 28, 2010, is not privileged.

**It is further Ordered** that Defendant's motion to amend or correct its answer [293] be, and hereby is, **Denied**.

**It is further Ordered** that Plaintiffs' motion for relief from unreasonable costs [207] be, and hereby is, **Denied**.

**It is further Ordered** that Defendant's objections to the Special Master's Privilege Log be, and hereby are, **Overruled**.

**It is further Ordered** that the Court accepts and adopts the Special Master's Report and Recommendation in its entirety.

**It is Ordered** that Plaintiffs' motion to strike the affidavit of Nicole Hancock in support of the reply to Defendant's motion for sanctions [330] be, and hereby is, **Granted**.

**It is further Ordered** that Defendant's motion for leave to file a sur-reply in further opposition to Plaintiffs' motion for sanctions [333] be, and hereby is, **Denied**.

**It is further Ordered** that Plaintiffs' motion for sanctions [249] be, and hereby is, **Denied**.  Plaintiffs have not established that Defendant's counsel copied or viewed Plaintiffs' privileged electronically stored information, otherwise interfered with Plaintiffs' attorney-client privilege or work product privilege, committed spoilation of evidence, intentionally delayed the trial, or defrauded the Court.

**It is further Ordered** that Defendant's motion for sanctions [289] be, and hereby is, **Granted**.

It is clear to the Court that collectively, Plaintiffs, their counsel, and/or Jim Hungelmann were less than candid with the Court and, indeed, deceitful.  Because Hungelmann is an attorney admitted to the Idaho Bar, though on inactive status, he should be well versed on his obligation as a party's representative to be honest and forthright with the Court.  Plaintiffs' counsel, likewise, are fully aware of their obligations to be candid with the Court.

Based on the evidence before the Court, the Court finds that Plaintiffs, their counsel, and/or Hungelmann intended to defraud the Court by concealing the fact that Hungelmann received the initialed Transition Agreement in May of 2009, and then misrepresented to the Court that he had not, in fact, received it. While the receipt of the Transition Agreement established its delivery, there was still an unresolved question as to whether the Transition Agreement was legally executed and otherwise enforceable. However, Plaintiffs concealed from the Court the fact that Defendant actually delivered what might be construed to be a legally executed copy of the Transition Agreement. This misrepresentation was supported by Plaintiffs' counsel's arguments in, *inter alia*, Plaintiffs' summary judgment motion and in Plaintiffs' opposition to Defendant's motion for reconsideration of the Court's order regarding summary judgment. This misrepresented fact was the cornerstone upon which the Court built its decision denying Defendant's summary judgment. Once the cornerstone was pulled out, the rest of the order crumbled.

Plaintiffs' continuing misrepresentations multiplied the proceedings and Defendant's costs exponentially. Had Plaintiffs been candid and truthful, the Court would have granted Defendant's motion for summary judgement, and that would have resolved most, if not all, of this case. Instead, the Court, the Special Master and Defendants spent months and hundreds of thousands of dollars sifting through recently discovered evidence which should have been turned over by Plaintiffs in response to valid discovery requests. Plaintiffs' misrepresentations to this Court and to Magistrate Judge Bush, in response to Defendant's motion to compel, that there existed approximately 88 relevant emails sought by Defendants were false and misleading. After the discovery of over a million documents stored electronically at UNISUR's facilty in Chile and in the possession of UNISUR's bankruptcy trustee, the Court now knows that there were significantly more relevant emails than what was turned over by Plaintiffs in discovery and what was represented by Plaintiffs to

Case 1:10-cv-00135-TJH   Document 336   Filed 05/24/13   Page 5 of 5

the Court.

The Court "has the inherent power to dismiss an action if a party has willfully deceived the [C]ourt and engaged in conduct utterly inconsistent with the orderly administration of justice." *United States v. Natational Med. Enters., Inc.*, 792 F.2d 906, 912 (9th Cir. 1986) (*citing Fjelstad v. Am. Honda Motor Co.*, 762 F.2d 1334 (9th Cir. 1985)). The Court finds that Plaintiffs willfully deceived the Court and engaged in conduct utterly inconsistent with the orderly administration of justice. Accordingly,

𝕴𝖙 𝖎𝖘 𝖋𝖚𝖗𝖙𝖍𝖊𝖗 𝕺𝖗𝖉𝖊𝖗𝖊𝖉 that, pursuant to the Court's inherent power, this action be, and hereby is, 𝕯𝖎𝖘𝖒𝖎𝖘𝖘𝖊𝖉 with prejudice.

𝕴𝖙 𝖎𝖘 𝖋𝖚𝖗𝖙𝖍𝖊𝖗 𝕺𝖗𝖉𝖊𝖗𝖊𝖉 that all remaining motions be, and hereby are, 𝕯𝖊𝖓𝖎𝖊𝖉 as moot.

Date: May 24, 2013

_____
𝕮𝖊𝖗𝖗𝖞 𝕵. 𝕳𝖆𝖙𝖙𝖊𝖗, 𝕵𝖗.
𝕾𝖊𝖓𝖎𝖔𝖗 𝖀𝖓𝖎𝖙𝖊𝖉 𝕾𝖙𝖆𝖙𝖊𝖘 𝕯𝖎𝖘𝖙𝖗𝖎𝖈𝖙 𝕵𝖚𝖉𝖌𝖊