# United States District Court
# District of Idaho

| | |
|---|---|
| DORNOCH HOLDINGS INTER-NATIONAL, LLC, *et al.*,<br><br>    Plaintiffs,<br><br>  v.<br><br>CONAGRA FOODS LAMB WESTON, INC., *et al.*,<br><br>    Defendants. | 1:10-CV-00135-TJH<br><br>Amended Order |

    The Court has considered Defendant Conagra Foods Lamb Weston, Inc.'s motion for attorney fees and non-taxable costs [338], Plaintiffs' motion to strike Defendant's motion for attorney fees and non-taxable costs [342], and Plaintiffs' motion to expedite their motion to strike [343], together with the moving and opposing papers.

    It is Ordered that the motion to expedite [343] be, and hereby is, Denied.

**It is further Ordered** that the motion to strike [342] be, and hereby is, **Denied** as an inappropriate opposition to the motion for attorney fees and non-taxable costs. As Plaintiffs have acknowledged, motions to strike are, indeed, limited to "pleadings" as defined in Fed. R. Civ. P. 7. Nevertheless, the Court considered the arguments made in support and in opposition to the motion to strike when it considered Defendant's motion for attorney fees and non-taxable costs.

Defendant's motion for attorney fees and non-taxable costs, to the extent that it seeks further sanctions pursuant to the Court's inherent authority, 28 U.S.C. § 1927, and Fed. R. Civ. P. 11, is an attempt by Defendant to seek reconsideration of the Court's order imposing only terminating sanctions. In its motion for sanctions [289], filed on April 1, 2013, Defendant asked the Court to impose both terminating and monetary sanctions. The Court reasonably exercised its discretion by explicitly imposing terminating sanctions and implicitly denying monetary sanctions. The Court imposed terminating sanctions after concluding, based on the facts of this case and the Ninth Circuit's guidelines for the imposition of sanctions, that monetary sanctions alone were not a sufficiently severe sanction, and that the imposition of both terminating sanctions and monetary sanctions would be too severe. As Defendant has not presented the Court with newly discovered facts, has not identified an intervening change in the law, and has not argued that the Court committed clear error by not imposing monetary sanctions in addition to terminating sanctions, reconsideration is not warranted. *See School District No. IJ, Multnomah County, Oregon v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

To the extent that Defendant's current motion for attorney fees and non-taxable costs raises new and independent grounds for monetary sanctions under the Court's inherent authority, 28 U.S.C. § 1927, and Fed. R. Civ. P. 11, the Court exercises its discretion to not impose monetary sanctions. The Court finds that

terminating sanctions were an appropriate and sufficient sanction in this case for the cumulative acts of Plaintiffs, Plaintiffs' counsel, and/or their representatives, and that any additional sanctions, regardless of the basis for the sanctions, would be excessively punitive.

Defendant, also, seeks attorney fees, as a matter of right, pursuant to Idaho Code § 12-120(3), which entitles the prevailing party to recover reasonable attorney fees in civil actions filed to recover on a contract involving a commercial transaction. In an action involving state law claims, as in the instant case, the Court must generally apply the law of the forum state to determine whether a party is entitled to attorney fees. *MRO Communications, Inc. v. American Tel. & Tel. Co.*, 197 F.3d 1276, 1282 (9th Cir.1999). However, because the attorney fee rules of Idaho conflict with the attorney fee rules of Washington, the state which provides the substantive law for this case pursuant to the contracts entered into by the parties, the Court must apply the choice of law rules of the forum state, in this instance Idaho, to determine whether the Court should apply Idaho or Washington law regarding the award of attorney fees. *See Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 709 F.3d 872, 887 (9th Cir. 2013).

Defendant argues, pursuant to a District of Idaho case, *Boise Tower Assocs., LLC v. Wash. Capital Joint Master Trust Mortg. Income Fund*, No. 03-141-S-MHW, 2007 WL 4355815, at *4 (D. Idaho Dec. 10, 2007), that the Court must apply the attorney fee law of Idaho, based on a most significant relationship choice-of-law analysis, as Idaho has a more significant relationship than does Washington to the contracts and transactions that gave rise to this action. However, the controlling law was set forth more recently by the Idaho Supreme Court in *Houston v. Whittier*, 147 Idaho 900, 911, 216 P.3d 1272, 1283 (2009) and *Carroll v. MBNA America Bank*, 148 Idaho 261, 270, 220 P.3d 1080, 1089 (2009).

In *Carroll*, the Idaho Supreme Court relied on *Houston* to explain that "[w]hen a choice-of-law clause is in play, [the] Court must determine whether the award of attorney fees is procedural or substantive in order to determine which state's law applies." *Carrol*, 148 Idaho at 270, citing *Houston*, 147 Idaho at 911-912. If the statute regarding the award of fees is procedural, then the law of the forum must be applied; however, if the statute regarding the award of fees is substantive, then the law of the jurisdiction providing the substantive law for the case must be applied. *Houston*, 147 Idaho at 911. The Supreme Court went on to explain that if the statutory award of attorney fees to the prevailing party is a matter of discretion for the the trial court, then it is a procedural rule. *Carrol*, 148 Idaho at 270, citing *Houston*, 147 Idaho at 911. However, if the statutory award of attorney fees to the prevailing party is mandatory under the governing statute, then the attorney fee law is deemed to be a matter of substantive law. *Houston*, 147 Idaho at 911.

Here, Idaho Code § 12-120(3) states that ". . . the prevailing party shall be allowed a reasonable attorney's fee to be set by the court . . . ." Accordingly, § 12-120(3) is substantive in nature as it is mandatory. *Houston*, 147 Idaho at 911. Therefore, the issue of attorney fees must be resolved pursuant to Washington, not Idaho, law.

Washington follows the American Rule and does not permit the award of attorney fees to a prevailing party absent a specific contractual provision, express statutory authority or a recognized equitable ground. *Guillen v. Contreras*, 147 Wash. App. 326, 330 195 P.3d 90 (2008). As Defendant has not identified a specific contractual provision, an express Washington statute, or a recognized equitable ground, Defendant is not entitled to an award of attorney fees as the prevailing party.

Accordingly,

**It is further Ordered** that Defendant's motion for attorney fees and nontaxable costs [338] be, and hereby is, **Denied**.

Date: July 31, 2013

_____
**Terry J. Hatter, Jr.**
**Senior United States District Judge**